27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Betty A. MARMINO, Appellant,
v.
William J. PERRY,* Secretary Department of
Defense (Defense Mapping Agency); William K.
James, Maj. Gen., Director, Defense
Mapping Agency, Appellees.
 No. 92-2985.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1993.
Filed: May 31, 1994.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Betty A. Marmino appeals from the district court's order granting judgment to appellees in her Title VII action, 42 U.S.C. Sec. 2000e-3(a). Marmino alleged that officials at the Defense Mapping Agency Aerospace Center (DMAAC) denied her a promotion to the XP-10 negative engraver position in reprisal for her filing an employment discrimination complaint against the agency. We retained jurisdiction over this appeal, but remanded to the district court for supplemental findings.
 
 
 2
 After a two-day bench trial in which Marmino raised only the reprisal issue, the district court, applying the test for discrimination set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), found that Marmino established a prima facie case of discrimination by proving that (1) she engaged in Title VII protected activity when she filed a grievance following her nonselection for promotion in August 1986; (2) she received an adverse employment decision when she was denied a promotion in February 1987; and (3) the proximity between her grievance and her denial of promotion permitted an inference of causation. The district court found that, although the division chief knew of the grievance, Marmino did not prove that the other members of the panel knew of her grievance. Even if the division chief's knowledge could be attributed to the others, the district court found, the grievance did not influence the division chief's decision not to promote Marmino.
 
 
 3
 The district court further found that the agency articulated a legitimate, nondiscriminatory reason for the nonselection for promotion by contending that the panel did not promote Marmino because she lacked sufficient experience in performing necessary classified work as a result of temporarily losing her security clearance. The district court then concluded that although Marmino performed some classified work, the agency's decision that she did not perform enough classified work to qualify for promotion was not pretextual.
 
 
 4
 On appeal Marmino argues that the district court's findings are clearly erroneous because the retaliatory action the division chief took against her for contacting the agency's director was not independent of the decision not to promote her. Marmino argues that because the adverse personnel action was interwoven with the protected activity, the district court should have applied the mixed-motive approach set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 250 (1989) (burden shifts to employer to show adverse employment action would have been taken even without presence of improper motive).
 
 
 5
 We retained jurisdiction and remanded this matter to the district court for consideration of whether the analysis required by Price Waterhouse is applicable in this case. The district court has now made this analysis and certified its findings.
 
 
 6
 We have reviewed the findings and conclusions of the district court and now affirm on the basis of its well reasoned opinion. See 8th Cir. R. 47B.
 
 
 
 *
 William J. Perry is substituted for former Secretary of Defense Les Aspin as an appellee in this action, pursuant to Fed. R. App. P. 43(c)